UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY SMITH,

       Plaintiff,

v.                                                                             Case No. 1:18-cv-1235
                                                                  Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant,
_____/

## OPINION

        Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied his application for disability insurance benefits (DIB).

        This case has a lengthy history. Plaintiff filed an application for DIB over eight years ago, on November 16, 2011, alleging a disability onset date of July 15, 2009. PageID.53. This is plaintiff's second appeal in this Court. In an opinion entered September 22, 2015, this Court reversed and remanded an administrative law judge's (ALJ) decision denying benefits entered on March 15, 2013. PageID.252. *See Smith v. Commissioner of Social Security*, 1:14-cv-920 (W.D. Mich. Sept. 22, 2015) ("*Smith I*"). On remand, the Commissioner was "directed to determine whether plaintiff's past relevant work as a motor home driver exposed him to the work preclusive environment of concentrated exposure to pulmonary irritants and to re-evaluate plaintiff's credibility." PageID.252.

1

In a separate development, plaintiff filed another application for benefits on July 29, 2014, about one month before she filed her appeal in *Smith I*. PageID.255. On November 7, 2014, while *Smith I* was pending in this Court, the agency determined that plaintiff was disabled beginning on March 16, 2013. PageID.255. As discussed, *Smith I* resulted in a reversal and remand pursuant to the Opinion and Judgment entered on September 22, 2015.

Faced with plaintiff having filed two applications and a court-ordered remand, the Appeals Council entered an order which addressed a number of matters. To place the present appeal in context, the Court will reproduce the entire order:

> The U.S. District Court for the Western District of Michigan (Civil Action Number 1:14-cv-00920) has remanded this case to the Commissioner for further administrative proceedings in accordance with the fourth sentence of Section 205(g) of the Social Security Act.
>
> Additionally, the claimant filed a subsequent application for Title II disability benefits on July 29, 2014 and was found disabled beginning March 16, 2013 in an initial determination dated November 7, 2014. The Appeals Council neither affirms nor reopens the determination on plaintiff's subsequent application, but instead directs the Administrative Law Judge to evaluate the claimant's subsequent allowance pursuant to the reopening provisions set forth in 20 CFR 404-987-989, HALLEX I-2-9-1, and HALLEX I-2-9-10. If the Administrative Law Judge does not reopen the subsequent determination, the favorable determination will remain final and the issue of disability will be limited to the period prior to March 16, 2013.
>
> Therefore, the Appeals Council vacates the final decision of the Commissioner of Social Security dated March 15, 2013 and remands this case to an Administrative Law Judge for further proceedings consistent with the order of the court.
>
> In compliance with the above, the Administrative Law Judge will offer the claimant the opportunity for a hearing, take any further action needed to complete the administrative record, and issue a new decision.

PageID.255-256.

On remand, the ALJ held another nearing and entered a decision on July 21, 2016. In this decision, the ALJ performed a *de novo* review of plaintiff's DIB claim filed in 2011, and

2

found that plaintiff was not under a disability within the meaning of the Social Security Act from his alleged onset date (July 15, 2009) through the date of the previous decision (March 15, 2013). PageID.118-129. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial

gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ's DECISION

Plaintiff's application failed at the fourth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged onset date of July 15, 2009, through his date last insured of March 15, 2013. PageID.120.[1] At the second step, the ALJ found that through the date last insured, plaintiff had severe impairments of chronic obstructive pulmonary disease (COPD), obstructive sleep apnea (OSA) and heart disease with hypertension. PageID.121. At the third step, the ALJ found that through the date last insured, plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.123.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with exceptions. Specifically, the claimant is able to lift and/or carry up to 20 pounds occasionally and up to 10 pounds frequently, stand and/or walk up to 6 hours in an 8-hour workday and sit up to 6 hours in an 8-hour workday. He is never to climb ladders, ropes or scaffolds, but is able to occasionally climb ramps and stairs and balance, stoop, kneel, crouch and crawl. The claimant is to avoid concentrated exposure to extreme temperatures and breathing irritants such as fumes, odors, dusts and gases and hazards, such as dangerous moving machinery and unprotected heights.

PageID.124.

The ALJ also found that through the date last insured, plaintiff was capable of performing work as a production supervisor, work which did not require performance of work-related activities precluded by plaintiff's residual functional capacity (RFC). PageID.128. Accordingly, the ALJ determined that plaintiff was not under a disability, as defined in the Social

---

[1] The Court notes that plaintiff last met the insured status requirements of the Social Security Act on December 31, 2013. PageID.55. Throughout the decision, the ALJ refers to March 15, 2013 as the date last insured; this was the day before plaintiff qualified for benefits on his second claim.

Security Act, at any time from July 15, 2009 (the alleged onset date) through March 15, 2013 (the date last insured).  PageID.129.

### III. DISCUSSION

Plaintiff set forth three issues on appeal.

**A. The Decision violates the law of the case by finding that Mr. Smith can now perform his past job as a production supervisor.**

Plaintiff points out that in the March 15, 2013 decision, the ALJ found that plaintiff could not perform his past work as a production supervisor, but could perform his past work as a motor home driver.  PageID.62.  In *Smith I*, this Court reversed and remanded that decision pursuant to sentence four of 42 U.S.C. 405(g), to determine whether plaintiff could perform the job because he was exposed to a work environment with concentrated pulmonary irritants. PageID.249.  On remand, the ALJ found that plaintiff could perform his past work as a production supervisor.  PageID.128-129.  Plaintiff contends that this finding violates the "law of the case doctrine," because the ALJ decided back in 2013 that plaintiff could not perform this job.

Plaintiff's claim is without merit. "The law of the case doctrine provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."  *Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006). The law of the case doctrine applies to administrative appeals.  *See, e.g.*, *Hollins v. Massanari*, 49 Fed. Appx. 533, 534-35 (6th Cir. 2002).  However, the doctrine does not apply here because the administrative decision which this Court addressed in *Smith I* no longer exists. On remand, in light of plaintiff's subsequent application for benefits, the Appeals Council vacated the ALJ's March 15, 2013 decision and directed the ALJ issue a new decision. PageID.255-256.

When the Appeals Council vacated the March 13, 2015 decision, that decision ceased to exist.

6

> When an order is set aside or vacated, the result is the destruction of the order in its entirety. Its effectiveness is ended, the previously existing status is restored, and the effect is the same as though the order had never existed. A vacated order is null and void and has no legal force or effect on the parties or the matter in question.

60 C.J.S. Motions and Orders § 72 (footnotes omitted). As the Court observed in *Aguiniga v. Colvin*, 833 F.3d 896, 901 (8th Cir. 2016), the law of the case doctrine does not apply to a Social Security claim based upon a ALJ's vacated decision because "nothing in this case was settled [in either] fact or law given the Appeals Council's vacation of the original opinion of the ALJ." Accordingly, plaintiff's claim of error is denied.[2]

### B. The Decision violates logic when it finds that Mr. Smith can perform a Medium job when limited to a Light RFC.

Plaintiff contends that the July 21, 2016 decision cannot serve as the basis for denial of benefits because the ALJ limited plaintiff to light work, yet found that plaintiff could perform his past relevant work as a production supervisor, which according to plaintiff is medium work. Plaintiff's Brief (ECF No. 11, PageID.1485-1486). Plaintiff has pointed out errors in the ALJ's decision. However, as discussed below, those errors do not require reversal and remand.

At the second administrative hearing held on June 27, 2016, the vocational expert (VE) identified plaintiff's past work as a production supervisor as defined in the Dictionary of Occupational Titles (DOT) no. 699.130-010. PageID.198. The VE identified plaintiff's past work as a production supervisor to be light work "as generally performed," and to be medium work as "actually performed" by plaintiff. *Id*. The VE testified that a person with plaintiff's limitations

---

[2] Even if the Appeals Council had not vacated the ALJ's Order, the law of the case doctrine would not apply. In order for plaintiff to prevail under the law of the case doctrine in this administrative appeal, "the district court must have issued a final decision on the merits" with respect to plaintiff's ability to perform his past relevant work. *See Hollins*, 49 Fed. Appx. at 535. However, in *Smith I*, this Court did not reach a final decision on the merits of any particular issue raised in the ALJ's decision. *See Quern v. Jordan*, 440 U.S. 332, 348, fn 18 (1979) ("[t]he doctrine of law of the case comes into play only with respect to issues previously determined").

7

could perform the production supervisor job as generally performed and described in the DOT (*i.e.*, light work) but not as plaintiff actually performed it (*i.e.*, medium work). PageID.200-201.

In his decision, the ALJ referred to a production supervisor job as DOT no. 914,687.014. PageID.128. Plaintiff points out that this is the DOT number given by the VE at the first administrative hearing held on February 22, 2013, which described plaintiff's past work as a "packaging supervisor" and defined this as "medium work." PageID.163. There is no explanation as to why plaintiff's previous work was described as a "packaging supervisor" in one decision and as a "production supervisor" in a later decision.

It is clear that the ALJ cited the wrong DOT number in the July 21, 2016 decision. However, it is also clear that the ALJ intended to adopt the testimony of the VE at the 2016 hearing, stating:

> The vocational expert testified that an individual with the claimant's age, education, work experience, and residual functional capacity would be able to perform the claimant's past relevant work as production supervisor as it is generally performed. The undersigned relies upon the vocational expert's testimony in accordance with SSR 00-4p. Consequently, in comparing the claimant's residual functional capacity with the demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed.

PageID.129.

This being said, the ALJ's decision contains one more error with respect to plaintiff's past work. In his conclusion, the ALJ stated that "the undersigned finds that the claimant is able to perform it as actually and generally performed." PageID.129. This is incorrect. Because plaintiff was limited to light work, he could perform his past relevant work as a production supervisor as it is "generally performed" but not as he "actually performed" it. However, this error does not affect the outcome of the decision, because it was sufficient for the ALJ to find that plaintiff could perform his past relevant work as "generally performed." To support a finding that

8

a claimant can perform his past relevant work, the Commissioner's decision must explain why the claimant can perform the demands and duties of the past job as actually performed *or* as ordinarily required by employers throughout the national economy. *See Studaway v. Secretary of Health & Human Services*, 815 F.2d 1074, 1076 (6th Cir. 1987) (pursuant to 42 U.S.C. § 423(d)(2)(A), a claimant must show that his impairments are so severe that he is "unable to do his previous work", meaning "[h]e must prove an inability to return to his former *type* of work and not just to his former job") (internal quotation marks omitted) (emphasis in original). *See also*, 20 C.F.R. § 404.1560(b)(2) (providing that a vocational expert may offer relevant evidence "concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy").

In summary, while the ALJ's decision contained errors with respect to the step four determination, none of these errors warrant a remand. *See Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires [a reviewing court] to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result."). Accordingly, plaintiff's claim of error is denied.[3]

**C. The Decision violates the Remand Order requiring it to explain its credibility findings.**

Finally, plaintiff contends that the ALJ failed to perform a proper credibility evaluation on remand. As an initial matter, it does not appear that the ALJ had an opportunity to re-evaluate plaintiff's credibility in the context of the March 15, 2013 decision, because the Appeals Council vacated that decision. The ALJ faced another hurdle because the Commissioner eliminated use of the term "credibility" between the issuance of the Court's remand in *Smith I*

---

[3] The Court notes, however, that the Commissioner may need to re-visit step four on remand after resolving the matters set forth in §§ III.C. and IV, *infra*.

(September 22, 2015) and the ALJ's decision (July 21, 2016). Effective March 28, 2016, the Commissioner no longer used the term "credibility" in evaluating claims. *See* SSR 16-3p, 2017 WL 5180304 at *2 (Oct. 25, 2017) (republication with revisions). SSR 16-3p provides in pertinent part that:

> [W]e are eliminating the use of the term "credibility" from our sub-regulatory policy, as our regulations do not use this term. In doing so, we clarify that subjective symptom evaluation is not an examination of an individual's character. Instead, we will more closely follow our regulatory language regarding symptom evaluation.

*Id*. at *2. Under this policy, "[a]djudicators must limit their evaluation to the individual's statements about his or her symptoms and the evidence in the record that is relevant to the individual's impairments," and "will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation." *Id*. at *11.

The Commissioner explained how the ALJ's would apply the rule:

> Our adjudicators will apply this ruling when we make determinations and decisions on or after March 28, 2016. When a Federal court reviews our final decision in a claim, we expect the court will review the final decision using the rules that were in effect at the time we issued the decision under review. If a court finds reversible error and remands a case for further administrative proceedings after March 28, 2016, the applicable date of this ruling, we will apply this ruling to the entire period at issue in the decision we make after the court's remand. Our regulations on evaluating symptoms are unchanged.

*Id*. at *13 (fn. 27).

The Court makes a few observations with respect to the effect of SSR 16-3p on the order of remand. First, SSR 16-3p applied because it was in effect when the ALJ entered the decision on July 21, 2016. Second, the Court recognizes that its directive on remand to re-evaluate plaintiff's "credibility" was at odds with SSR 16-3p. Third, although SSR 16-3p was in effect, the ALJ did not cite it in his 2016 decision. Fourth, despite the language in SSR 16-3p, the ALJ

10

evaluated plaintiff's credibility and included the exact formulation which this Court rejected in *Smith I*:

> In sum, the above residual functional capacity assessment is supported by the totality of the evidence of record, including the opinions of the State agency medical and psychological m consultants. Additionally, the claimant's subjective complaints are not entirely credible, as they are generally inconsistent with the record as a whole.

PageID.61, 128.

The intent of the Court's order of remand in *Smith I* was to have the Commissioner re-evaluate plaintiff's credibility with respect to his alleged symptoms. Since the Commissioner eliminated the use of the term "credibility" after the remand, this was no longer feasible. Given the adoption of SSR 16-3p, it would have been appropriate for the Commissioner to explain the new standard and to re-evaluate plaintiff's symptoms under the new procedure. However, this was not done. Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for re-evaluation of plaintiff's symptoms under 20 C.F.R. § 404.1529 and SSR 16-3p.

### IV. Other inconsistencies in the ALJ's decision

In the Jurisdiction and Procedural History section of the July 21, 2016 decision, the ALJ summarized the Appeals Council's instructions, stating that

> Pursuant to the District Court remand order, the Appeals Council has directed the undersigned to evaluate the claimant's subsequent allowance pursuant to the reopening provisions set forth in 20 CFR 404.987-989, HALLEX 1-2-9-1 and HALLEX 1-2-9-10. If the undersigned does not reopen the subsequent determination, the favorable determination will remain final and the issue of disability will be limited to the period prior to March 16, 2013.

PageID.118. In his decision, the ALJ addressed whether to re-open the vacated decision from March 15, 2013, rather than the subsequent determination of November 7, 2014:

11

>On July 29, 2014, the claimant filed another application for benefits with an onset date of March 16, 2013, a day after the date of the last decision. It was after the date of the last decision that the claimant developed an infection to his foot, which he has had ongoing problems. . . Therefore, since the claimant developed additional impairments after the March 15, 2013 decision and his condition worsened since that time, there is no reason for the undersigned <u>to reopen the prior application or reverse the March 15, 2013 decision</u>.

PageID.127-128 (emphasis added). It is unclear to the Court how the ALJ could reopen the prior application (presumably the first application from 2011) or reverse the March 15, 2013 decision (which was vacated). Based on the Court's reading of the record, it appears that the ALJ may have intended to state that there is no reason to reopen or reverse the subsequent determination which found plaintiff disabled as of March 16, 2013. That would explain why the ALJ evaluated plaintiff's condition as it existed on or before March 15, 2013. Accordingly, on remand, the Commissioner should clarify that the subsequent determination will not be re-opened or reversed.

## V. CONCLUSION

Accordingly, the Commissioner's decision will be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is directed to re-evaluate plaintiff's symptoms pursuant to 20 C.F.R. § 404.1529 and SSR 16-3p and to clarify that the determination that plaintiff was disabled as of March 16, 2013, will not be re-opened or reversed. A judgment consistent with this opinion will be issued forthwith.

Dated:                                              Ray Kent
                                                    United States Magistrate Judge